1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

| | |
|---|---|
| STEVEN K YOUNG, et al., | CASE NO. C14-1807 MJP |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| NORTHWEST TRUSTEE SERVICES INC., et al., | |
| Defendants. | |

16

17

18

19

20

21

        THIS MATTER comes before the Court on Defendants Green Tree Servicing LLC and

Federal National Mortgage Association's ("Defendants") motion to dismiss Plaintiffs' claims

under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7.) Having reviewed the Parties' briefing and all related

papers, the Court GRANTS Defendants' motion and DISMISSES Plaintiffs' claims with

prejudice.

22

23

24

**Background**

        Plaintiffs filed this suit on November 28, 2014, alleging violations of several statutes in

connection with Defendants' scheduled non-judicial foreclosure on their property. (Dkt. No. 1.)

1   Plaintiffs allege violation of 12 C.F.R. § 226.39, part of the Truth in Lending Act ("TILA"),

2   breach of contract in connection with 15 U.S.C. § 1635, violation of the Racketeering Influenced

3   and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, civil conspiracy, and assert claims

4   for declaratory relief and to quiet title. Plaintiffs' main contention is that Defendants do not have

5   adequate proof of ownership of the debt and, therefore, cannot foreclose on the property. (See

6   Dkt. No. 1 at 8–9.) Defendants now move to dismiss, arguing that Plaintiffs have failed to state a

7   claim upon which relief can be granted. (Dkt. No. 7.)

8                                          **Discussion**

9        **I.        Legal Standard**

10           **A.        Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

11           Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a

12  claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must

13  construe the complaint in the light most favorable to the non-moving party. Livid Holdings Ltd.

14  v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all

15  well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of

16  the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).

17           Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim

18  to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A

19  claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

20  draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

21  v. Iqbal, 556 U.S. 662, 678 (2009). As a result, a complaint must contain "more than labels and

22  conclusions, and a formulaic recitation of the elements of a cause of action will not do."

23  Twombly, 550 U.S. at 555.

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 2

1      **II.      Defendants' Motion to Dismiss**

2              Defendants move to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for

3      failure to state a claim. (Dkt. No. 7.)

4                      **A.      Quiet Title**

5              Plaintiffs' first cause of action seeks to quiet title to their property and seeks a declaration

6      that "the title to the Subject Property is vested solely in Plaintiff and that Defendants have no

7      right, title, estate, lien, or interest in the Property and that Defendants and each of them be

8      forever enjoined from asserting any right, title, lien or interest in the Property adverse to

9      Plaintiff." (Dkt. No. 1 at 16.) Plaintiffs argue Defendants must cease foreclosure proceedings on

10     the property because "none of the Defendants are the holder of the [promissory] Note, and none

11     of them can prove that the Note is secured by the Deed of Trust. . . ." (Id.) Defendants argue

12     Plaintiffs' claim to quiet title is both legally deficient and inadequately pleaded: Defendants are

13     not, and could not be, asserting an ownership interest in or a right to possession of the property

14     because the deed of trust created only a lien, and Plaintiffs fail to plead that Defendants are

15     otherwise asserting a current right to ownership or possession of the property. (Dkt. No. 7 at 4.)

16             A plaintiff may bring a quiet title action "against the person claiming the title or some

17     interest therein, and may have judgment in such action quieting or removing a cloud from

18     plaintiff's title." RCW 7.28.010. "[T]he plaintiff in an action to quiet title must prevail, if he

19     prevails at all, on the strength of his own title, and not on the weakness of the title of his

20     adversary." City of Centralia v. Miller, 31 Wn.2d 417, 422 (1948). A deed of trust creates a lien

21     on real property, but it does not convey title to the lender. RCW 61.24.020; Rustad Heating &

22     Plumbing Co. v. Waldt, 91 Wn.2d 372, 376 (1979) (holding that a deed of trust is a species of

23     mortgage, creating a lien on real property).

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 3

1   Plaintiffs fail to state a claim to quiet title. While Plaintiffs allege that Defendants lack a

2   right to possess the property, they do not allege that Defendants are claiming a current right of

3   ownership or possession of the property. (See Dkt. No. 1 at 13.) Because the deed of trust only

4   creates a lien without conveying ownership rights to Defendants, and because Plaintiffs do not

5   separately allege that Defendants have asserted a title interest in the property, a claim to quiet

6   title cannot be maintained. See, e.g., Evans v. BAC Home Loans Servicing LP, No. 10-0656,

7   2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010) (dismissing a claim to quiet title when

8   Plaintiffs did not allege that Defendant asserted a title interest in the disputed property).

9   Plaintiffs' first cause of action fails to state a claim upon which relief can be granted, and is

10  therefore DISMISSED.

11              **B.      Wrongful Foreclosure under Truth in Lending Act**

12  Plaintiffs' second cause of action alleges Defendants wrongfully foreclosed on Plaintiffs'

13  property by violating certain TILA requirements codified at 12 C.F.R. § 226.39. (Dkt. No. 1 at

14  16.) Plaintiffs allege "the Defendant GREENTREE is not a real and beneficial party of interest,

15  nor the Holder of the Note, . . . [and that] Green Tree Servicing LLC has offered no evidence that

16  loan [sic] was ever purchased from Countrywide Bank, FSB." (Id. at 9, 15.) As a result, Plaintiffs

17  claim that "Defendants do not have the right to foreclose on the Property because the Defendants

18  do not own the Note of [sic] have any legal relationship to the Note." (Id. at 18.) Defendants

19  argue that 12 C.F.R § 226.39 contains no private cause of action and cannot support a wrongful

20  foreclosure claim. (Dkt. No. 7 at 5.)

21  12 C.F.R. § 226.39 consists of notification requirements for a creditor who takes title to

22  an existing mortgage loan. Failure to comply with these requirements gives rise to a private

23  cause of action against the creditor. See 15 U.S.C. § 1640; Logan v. U.S. Bank Nat. Ass'n, 722

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 4

1  F.3d 1163, 1172 (9th Cir. 2013) (explaining that any person may "sue a creditor who fails to

2  comply with the newly enacted notice requirement or other requirements under the Act for

3  damages."). To state a claim under TILA, a plaintiff must allege actual damages resulting from

4  the creditor's TILA violation. In re Smith, 289 F.3d 1155, 1157 (9th Cir. 2002); Fazio v.

5  Experian Info. Solutions, Inc., No. 12-00497, 2012 WL 2119253, at *6 (N.D. Cal. June 11,

6  2012).

7      Plaintiffs fail to state a plausible claim for relief under TILA. While Plaintiffs support

8  their TILA violation claim by alleging Green Tree Servicing cannot prove ownership of the

9  promissory note, they do not state any facts showing that actual damages resulted from a TILA

10  notice violation. Plaintiffs' second cause of action fails to state a claim upon which relief can be

11  granted, and is therefore DISMISSED.

12      To the extent Plaintiffs' second cause of action can be construed to allege that Defendants

13  violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, Plaintiffs' claim

14  still fails. Plaintiffs argue that Defendants do not have the right to foreclose on the property

15  because "the debt has been and is now officially in dispute. By law, all collection activities must

16  cease until this matter is resolved." (Dkt. No. 1 at 17.) While the FDCPA covers debt collection

17  activities, "a non-judicial foreclosure action does not constitute 'debt collection' under the

18  FDCPA." Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1184, 1188–89 (D.

19  Ariz. 2009), aff'd 384 F. App'x 609 (9th Cir. 2010). Because Defendants' non-judicial

20  foreclosure of Plaintiffs' property does not equate to debt collection under the FDCPA, to the

21  extent Plaintiffs' cause of action can be construed as a FDCPA claim, Plaintiffs fail to state a

22  claim upon which relief can be granted.

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 5

1

### C.   TILA Right to Rescind/Breach of Contract

2    Plaintiffs' third cause of action asserts a breach of contract claim against Defendants, but

3    is styled as a TILA violation under the right-to-rescind provision, 15 U.S.C. § 1635. (Dkt. No. 1

4    at 19.) Plaintiffs allege that "after failure of the Defendants to validate true ownership [of the

5    property], [Plaintiffs] executed their 'Right-to-Cancel' pursuant to Truth in Lending [Act]." (Id.

6    at 6.) Defendants argue Plaintiffs fail to state a claim for rescission under TILA because any

7    claim would be time-barred and Plaintiffs do not claim to be ready, willing, and able to return the

8    funds loaned to them. (Dkt. No. 7 at 6.) Defendants further argue Plaintiffs fail to allege any

9    facts supporting a breach of contract claim, including what contract was breached and by whom.

10   (Id.)

11   TILA provides a right to rescind to borrowers who secure a loan with their primary

12   residence, such as a borrower securing a home loan with a deed of trust and promissory note. 15

13   U.S.C. § 1635. The borrower's right to rescind, however, expires three years after the date of

14   consummation of the transaction or upon the sale of the property, whichever occurs first. 15

15   U.S.C. § 1635(f); Merritt v. Countrywide Fin. Corp., 759 F.3d 1023, 1030 (9th Cir. 2014).

16   Plaintiffs fail to state a claim for rescission under TILA. Although Plaintiffs state that

17   they executed their right to rescind "after failure of the Defendants to validate true ownership,"

18   (Dkt. No. 1 at 6), they do not state when, precisely, Defendants failed to validate true ownership

19   or when they executed their right to rescind. Plaintiffs' mortgage was recorded in 2008, (Id. at

20   10), more than three years before this action was instituted, and Plaintiffs do not argue that the

21   statute of limitations should not apply. The Court finds that Plaintiffs' right to rescind has

22   expired because the transaction was consummated more than three years ago, and therefore their

23   third cause of action fails to state a claim upon which relief can be granted and is DISMISSED.

24

1    To the extent Plaintiffs plead breach of contract under Washington common law, a breach

2 of a contract is actionable where "the contract imposes a duty, the duty is breached, and the

3 breach proximately causes damages to the claimant." Northwest Mfrs. v. Dep't of Labor, 78 Wn.

4 App. 707, 713 (1995). Here, Plaintiffs fail to allege a specific contract that was breached, the

5 duty that was breached, and the party who breached it. Plaintiffs therefore fail to state a claim for

6 breach of contract.

7    **D.    Racketeering Influenced and Corrupt Organizations Act**

8    Plaintiffs' fourth cause of action alleges a RICO violation by Defendant Green Tree

9 Servicing under 18 U.S.C. § 1962. (Dkt. No. 1 at 20.) Plaintiffs claim Defendant was the

10 "principal or participated in the operation, management of this scheme itself and the pattern of

11 racketeering include at least acts, transmission, the use of mail of fake assignments and mortgage

12 and fictional corporate signatures [sic]." (Id.) Plaintiffs also claim Defendant manufactured

13 default and used the "State Court and County Recorder's office to foreclose on Plaintiff's

14 property." (Id.) Defendants argue Plaintiffs fail to allege facts that support any of the RICO

15 elements, and that the claim is time-barred. (Dkt. No. 7 at 7.)

16    To state a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3)

17 through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to

18 plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431

19 F.3d 353, 361 (9th Cir. 2005). Courts apply Fed. R. Civ. P. 9(b)'s particularity requirement to

20 RICO claims. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989). "Rule

21 9(b) requires that the pleader state the time, place, and specific content of the false

22 representations as well as the identities of the parties to the misrepresentation." Id.

23

24

1    Plaintiffs fail to state a plausible RICO claim with particularity because they do not state

2    the time, place, or specific content of the false representations allegedly made by Defendant

3    Green Tree Servicing. Plaintiffs' fourth cause of action fails to state a claim upon which relief

4    can be granted, and is therefore DISMISSED.

5          **E.      Civil Conspiracy**

6    Plaintiffs' fifth cause of action alleges civil conspiracy against Defendants Northwest

7    Trustee Services and Green Tree Servicing. (Dkt. No. 1 at 21.) Plaintiffs argue Northwest

8    Trustee Services and Green Tree Servicing conspired to divest Plaintiffs of real property and "are

9    employing a willful and intentional misuse of the foreclosure process." (Id.) Plaintiffs voluntarily

10   dismissed Northwest Trustee Services from this lawsuit, which results in a civil conspiracy claim

11   against one party: Green Tree Servicing. (See Dkt. No. 9.) Because a claim for civil conspiracy

12   requires "a combination of two or more persons who contrive to commit a criminal or unlawful

13   act," Adams v. King Cnty., 164 Wn.2d 640, 660 (2008) (emphasis added), Plaintiffs' fifth cause

14   of action fails to state a claim upon which relief can be granted, and is therefore DISMISSED.

15         **F.      Declaratory Relief**

16   Plaintiffs' final cause of action seeks declaratory relief and requests the Court to

17   determine "whether any Defendant has the legal right to foreclose based upon the Mortgage,"

18   and the "rights and duties as to the validity of the Note and the Deed of Trust, and Defendants'

19   rights to conduct a non-judicial foreclosure." (Dkt. No. 1 at 22.)

20   Declaratory judgment is a remedy, not a cause of action. See, e.g., Bisson v. Bank of

21   Am., N.A., 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). To obtain declaratory relief,

22   Plaintiffs must first adequately state an underlying claim. Id.; see also Massey v. BAC Home

23   Loans Servicing LP, 2013 U.S. Dist. LEXIS 147342, at *14 (W.D. Wash. Feb. 13, 2013).

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 8

1  Because Plaintiffs have failed to state any plausible claim, they are not entitled to declaratory

2  relief, and their sixth cause of action is DISMISSED.

3  **II.      Plaintiffs' Additional Arguments**

4  In their January 23, 2015 Response, (Dkt. No. 10), Plaintiffs assert that they did not

5  receive service of the motion, mailed to them on December 22, 2014, (Dkt. No. 7 at 10), until

6  January 17, 2015, six days before the motion's noting date. They argue the motion should be re-

7  noted from January 23, 2015, to February 13, 2015, to allow them time to seek counsel regarding

8  a response to the motion. (Dkt. No 10 at 2–3.) Plaintiffs then filed an Amended Response—

9  without counsel—on February 2, 2015, (Dkt. No. 11), again requesting that the motion be re-

10 noted for February 13, 2015.

11 To the extent Plaintiffs' response can be interpreted as a request for additional time to

12 respond, Plaintiffs have now had over one month to prepare and file a response since the alleged

13 date of service, and have already filed one amended response. The Court declines to provide

14 Plaintiffs with additional time, or leave to file a third response, simply because Plaintiffs have

15 decided to seek counsel. The Court also notes that service appears proper because Defendants

16 mailed the motion on December 22, 2014 via first class mail. Fed. R. Civ. P. 5(b); Kim v.

17 Commandant, Def. Language Inst., Foreign Language Ctr., 772 F.2d 521, 524 (9th Cir. 1985)

18 ("Service by mail is complete upon mailing."). The Court finds that Plaintiffs have had sufficient

19 opportunity to respond to the motion and, therefore, denies Plaintiffs' request for additional time

20 to respond.

21 Plaintiffs also argue in their amended response that Defendants have failed to comply

22 with Fed. R. Civ. P. 7.1, requiring them to file corporate disclosure statements. (Dkt. No. 11 at

23 4.) Because Defendants did not submit corporate disclosure statements prior to their motion,

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 9

1  Plaintiffs "move the Court to strike Defendant's Motion and for Judgment on the allegations of

2  Plaintiff's Complaint. . . ." (Id.)

3       Plaintiffs' argument is without merit. Fed. R. Civ. P. 7.1 is intended to help judges be

4  properly informed of potential conflicts of interest that might justify disqualification. See

5  Advisory Committee Note, Fed. R. Civ. P. 7.1. Furthermore, corporate disclosures were filed on

6  March 2, 2015, and the Court finds that the delay in their filing has not prejudiced Plaintiffs in

7  this case.

8       The remainder of Plaintiffs' response argues that Plaintiffs believe they will prevail if

9  allowed to conduct discovery. (Dkt. No. 11 at 5.) To survive dismissal, however, Plaintiffs'

10  complaint must plead factual content sufficient to state a claim for relief that is plausible on its

11  face; conclusory statements are insufficient.

12  **Conclusion**

13       Because Plaintiffs fail to state a plausible claim for relief, the Court GRANTS

14  Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) and DISMISSES Plaintiffs' claims

15  with prejudice.

16

17       The clerk is ordered to provide copies of this order to all counsel.

18       Dated this 11th day of March, 2015.

19

20

21                                Marsha J. Pechman

22                                Chief United States District Judge

23

24